**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WALLEN LAWSON, | No. 19-55802 |
| Plaintiff-Appellant, | D.C. No. 8:18-cv-00705-AG-JPR |
| v. | |
| PPG ARCHITECTURAL FINISHES, INC., | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Argued and Submitted June 4, 2020
Resubmitted February 9, 2022
Pasadena, California

Before: LIPEZ,[**] RAWLINSON, and N.R. SMITH, Circuit Judges.

Wallen Lawson appealed the district court's summary judgment in his action

against PPG Architectural Finishes, Inc., a paint company. Lawson challenged the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Kermit V. Lipez, United States Circuit Judge for the First Circuit, sitting by designation.

dismissal of his claim for whistleblower retaliation under California Labor Code section 1102.5, arguing that the district court applied the incorrect evidentiary framework. Observing that courts have applied different burden-shifting frameworks to section 1102.5, we certified the relevant question to the California Supreme Court. The California Supreme Court exercised its discretion and issued a decision. In light of the California Supreme Court's decision, we vacate the district court's Order and remand.

The district court concluded that "[s]ection 1102.5 claims are governed by the burden-shifting framework outlined by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)." Applying this framework, the district court concluded that Lawson presented a prima facie case of retaliation, but failed to raise a material issue of fact regarding pretext. Therefore, the district court granted summary judgment, finding that Lawson failed to meet the *McDonnell Douglas* test. However, the California Supreme Court has now confirmed that "[s]ection 1102.6 provides the governing framework for the presentation and evaluation of whistleblower retaliation claims brought under section 1102.5." *Lawson v. PPG Architectural Finishes, Inc.*, No. S266001, 2022 WL 244731, *8 (Cal. Jan. 27, 2022). Accordingly, a plaintiff need not satisfy the

*McDonnell Douglas* test. *Id.* Instead, the district court must apply the "substantive standards and burdens of proof" set forth in section 1102.6. *Id.* at *4.

Because the district court applied the wrong evidentiary framework, we vacate and remand this matter to the district court for it to apply the correct framework, as set forth in the California Supreme Court's opinion, in the first instance.[1] *See United States v. Sellers*, 906 F.3d 848, 855 (9th Cir. 2018) ("Because the district court applied an incorrect legal standard, we follow our normal practice of remanding to the district court to determine in the first instance whether" the correct standard has been met.).

The parties shall bear their own costs on appeal.

**VACATED AND REMANDED.**

---

[1] Because the district court must reevaluate the evidence based on a different legal standard, we need not consider whether the district court improperly failed to view the facts in the light most favorable to Lawson and otherwise erroneously considered the evidence Lawson presented. Further, because Lawson's wrongful termination claim is wholly dependent on the retaliation claim, the district court also should reconsider the wrongful termination claim.

3